Deaderick, J.,
delivered the opinion of the Court.
This cause was begun in the County Court of Marshall county by petition of H. C. Cannon and Robert Cannon, seeking a change of a part of a public road between Lewisburg and Fayetteville, which is described in the petition; and to that end they pray that the Court will appoint a jury of view.
This petition is dated April 26, 1870, and is marked, filed May 2, 1870.
The record shows that the County Court met on the first Monday in May, 1870, being the second day *377 of tbe month, and that this was a special term; also, that the chairman and twenty-seven associate justices being present, it was ordered that a jury of view be appointed consisting of seven persons, with instructions to report to the succeeding July Term. The jury of view, reported in favor of certain changes of the road, and the Court confirmed the report and .directed that the road be opened in conformity thereto, and adjudged that McAdams and Orr, who had appeared before the Court, with others, by counter petition showing that they would be injured by the change, and contesting the adoption of the report of the jury, should pay the costs.
From this judgment or order of the Court, Mc-Adams and Orr, and Bobert Cannon, one of the counter petitioners, appealed to the Circuit Court, and executed an appeal bond to Henry Cannon, one of the original petitioners. In September, 1870, B&bert Cannon directed his appeal to be dismissed. At the October Term, 1870, the defendants McAdams and Orr moved to quash the proceedings of the County Court, because the j ury of. view was not sworn, etc. This motion was overruled.
At the February Term, 1871, another motion to quash was made, on the ground that the record showed that the jury of view were appointed by the County Court at a special term, and the Court, upon argument, allowed the motion, and adjudged the costs against plaintiff Henry Cannon, from which judgment he appealed to this Court.
The statute authorizes the County Court to be held *378 on the first Monday of every month, and to continue its sessions from day to day until the business before the Court is transacted, but we do not find any statute authorizing the appointment of a special term of the County Court.
Although the first Monday of May, 1870, was the day of the regular term, we are precluded from regarding it as a regular term, from the recital in the record that it was a special term at which the proceedings in this case were had.
The proceedings are in other respects erroneous. Although in 2 Head, 9, a contest betweén private persons for the establishment of a public road seems to have been conducted successfully upon appeal from the County Court, in the Circuit Court, and finally in this, without comment or objection because of the want of proper parties, yet in later cases it has been heldt that in all such cases the proper and necessary parties are the Justices of the County Court on one side, and the parties interested or aggrieved in the premises on the other. 3 Head, 70 and 98.
In the case of Evans v. Shields, 3 Head, 70, the Court said that they could render no judgment, for want of proper parties, and that the witnesses and officers were left to such remedies as the law might give them for their fees.
For the same reason, existing in this case, we render no judgment, except that we reverse the judgments of the County and Circuit Courts, and remand the cause to the County Court for proper action upon the petition, which was properly filed. ■